1
2
3
4
5                          UNITED STATES DISTRICT COURT
6                                DISTRICT OF NEVADA
7                                      * * *
8
9   LEE OLSON,                          )
                                        )
10              Plaintiff,              )        2:13-cv-571-JCM-NJK
                                        )
11  vs.                                 )
                                        )      **O R D E R**
12  ALAN BELL, et al.,                  )
                                        )
13              Defendants.             )
    _____ )
14
15          This matter is before the Court on Plaintiff's Motion to Expedite Limited Discovery and

16  Order Scheduling Preliminary Injunction Hearing (#4).

17                                  **BACKGROUND**

18          The Plaintiff is a common stock holder of Assisted Living Concepts, Inc. (ALC). *Complaint*,

19  Docket No. 1. On February 26, 2013, ALC and TPG Capital, L.P., jointly announced they had

20  reached a definitive Agreement and Plan of Merger. *Id*. The Merger Agreement requires approval

21  of a majority of ALC's shareholders. *Id*.  On March 11, 2013, ALC filed a Proxy Statement on

22  Schedule 14A with the SEC. *Id*.

23          The Plaintiff alleges that the Proxy Statement omits and/or misrepresents material

24  information concerning, among other things: (i) the sales process and the process by which the Board

25  entered into the Proposed Buyout; (ii) the key data and inputs underlying the financial valuation

26  exercises that purport to support the fairness opinion ("Fairness Opinion") provided to the

27  Company's Board by Citigroup Global Markets, Inc. ("Citi"), the special committee's ("Special

28  Committee") financial advisor; and (iii) certain financial projections prepared by ALCI's

    management and relied upon by Citi in issuing its Fairness Opinion regarding the Proposed Buyout.

1  Accordingly, the Plaintiff filed a Complaint on April 3, 2013, asserting violations of sections

2  14(A) and 20(A) of the Securities and Exchange Act of 1934. *Id.* The Complaint indicates that as

3  a result of the materially deficient Proxy Statement, ALC's public shareholders will be unable to cast

4  an informed vote regarding the Proposed Buyout. *Id.*

5  The Clerk of the Court has issued summons as to the Defendants. To date, no certificate of

6  service has been filed nor have any Defendants answered or otherwise appeared.

7  The same day the Complaint was filed, the Plaintiff filed the present Motion to Expedite

8  Limited Discovery and Order Scheduling Preliminary Injunction Hearing (#4), along with a

9  Memorandum (#5) and Declaration (#6) in support of the Motion.

10  The Plaintiff's Motion seeks a Court Order requiring the Defendants to provide the following

11  discovery within five days of the requested order:

12  1.  Minutes of meetings of the Board of ALCI, or any committee thereof, at which any
        of the following was discussed: the Proposed Buyout or any strategic alternative for
13        ALCI, or valuations of ALCI;

14  2.  Financial projections and forecasts prepared by ALCI's management and provided
        to Citi in connection with its Fairness Opinion regarding the Proposed Buyout;
15

16  3.  Books and presentations (including drafts) prepared by Citi concerning the Proposed
        Buyout, as well as all materials supporting such books and presentations;

17  4.  Communications, including emails for deponents based on limited search terms
        related to the Proposed Buyout;
18

19  5.  Communications between ALCI and the SEC regarding the Proposed Buyout and/or
        the Proxy Statement;

20  6.  Deposition of the CFO or the person most knowledgeable about the projections and
        a director at ALCI; and
21

22  7.  Deposition of the person most knowledgeable from Citi concerning the Proposed
        Buyout.

23  The Plaintiff asserts that he needs this discovery on an expedited basis because a shareholder

24  vote on the proposed buyout is imminent.  The Plaintiff plans to move for a preliminary injunction

25  and the above listed discovery will give him the information he needs to do so.

26  The Plaintiff has also requested that the Court schedule a hearing on a motion for preliminary

27  injunction which the Plaintiff states he intends to file.

28  ...

- 2 -

1

**DISCUSSION**

2    Generally, discovery does not commence until after the Rule 26(f) conference. Fed.R.Civ.P.

3    26(f). However, upon a showing of good cause, Courts may permit expedited discovery before the

4    Rule 26(f) conference. *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009);

5    *citing In re Countrywide Fin. Corp. Derivative Litiq.*, 542 F.Supp.2d 1160, 1179 (C.D.Cal.2008);

6    *Semitool, Inc. v. Tokyo Electron Am., Inc.,* 208 F.R.D. 273, 276 (N.D.Cal.2002); *see also Qwest*

7    *Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D.Colo.2003)  419 (The

8    "party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of

9    showing good cause for the requested departure from usual discovery procedures."); *Merrill Lynch,*

10   *Pierce, Fenner & Smith v. O'Connor,* 194 F.R.D. 618, 623 (N.D.Ill.2000) ("Expedited discovery is

11   not the norm. Plaintiff must make some *prima facie* showing of the *need* for the expedited

12   discovery."). "Good cause exists 'where the need for expedited discovery, in consideration of the

13   administration of justice, outweighs the prejudice to the responding party.' "*Id.*

14   "The good cause standard may be satisfied where a party seeks a preliminary injunction."

15   *Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. at 419.  However, expedited discovery is not automatically

16   granted merely because a party seeks a preliminary injunction. *Am. LegalNet, Inc. v. Davis*, 673 F.

17   Supp. 2d 1063, 1066 (C.D. Cal. 2009)**;** citing *Disability Rights Council of Greater Wash. v. Wash.*

18   *Metro. Area Transit Auth*., 234 F.R.D. 4, 7 (D.D.C.2006). Rather, "where a plaintiff seeks expedited

19   discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery

20   request ... on the entirety of the record to date and the reasonableness of the request in light of all the

21   surrounding circumstances...." *Merrill Lynch, Pierce, Fenner & Smith*, 194 F.R.D. at 624. The

22   requirement that a plaintiff obtain leave of court for expedited discovery serves to maintain the

23   fairness of civil litigation. *Id.*

24   The Court considers the following factors when determining whether to permit expedited

25   discovery: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery

26   requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants

27   to comply with the requests; and (5) how far in advance of the typical discovery process the

28   request was made. *Am. LegalNet, Inc.,* 673 F. Supp. 2d at 1067.

A.      Whether a Preliminary Injunction is Pending

Here, there is no preliminary injunction pending. However, the Plaintiff has requested expedited discovery for the purpose of preparing for a preliminary injunction hearing. When "a plaintiff seeks expedited discovery to prepare for a preliminary injunction hearing, it makes sense to examine the discovery request [...] on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances." *Merrill Lynch, Pierce, Fenner & Smith*, 194 F.R.D. at 624.

The record in this case is currently quite limited. The Docket consists of the Complaint, the Summons, and the present Motion. There is no indication that any Defendant has been served or is otherwise aware of this case. Indeed, the Docket shows that there are currently no attorneys to be noticed on behalf of the Defendants. Further, two of the Plaintiff's seven expedited discovery requests are seeking the depositions of three people. Aware of these circumstances, the Plaintiff has nevertheless requested that the Defendants make the requested discovery productions within five days of his requested Court Order. Considering that there is no indication that the Defendants are even aware of this case yet, and that the Plaintiff's requests are substantial, including three depositions, the request for "limited" discovery production within five days of this order is unreasonable.[1]

B.      Breadth of the Discovery Requested

Although the Plaintiff asserts that he is seeking a "limited" amount of discovery, the discovery sought is quite substantial.

The Plaintiff is seeking the minutes of meetings of the Board of ALC, or any committee thereof, at which any of the following was discussed: the Proposed Buyout or any strategic alternative for ALC, or valuations of ALC; financial projections and forecasts prepared by ALC's

---

[1]However, a different expedited discovery schedule might be more appropriate considering the circumstances of this case. The Plaintiff has represented that a shareholder vote is imminent and that he intends to move for a preliminary injunction preventing the vote as soon as he has the necessary discovery. Under these circumstances, waiting for the Defendants to answer and then an additional 30 days until the Rule 26(f) conference, could preclude the Plaintiff from moving for a preliminary injunction. Thus, expedited discovery, commencing after the appropriate Defendants have been served, may be appropriate. The Plaintiff is permitted to re-file his request for expedited discovery with a more reasonable time-frame.

1  management and provided to Citi in connection with its Fairness Opinion regarding the Proposed

2  Buyout; books and presentations (including drafts) prepared by Citi concerning the Proposed

3  Buyout, as well as all materials supporting such books and presentations; communications,

4  including emails for deponents based on limited search terms related to the Proposed Buyout;

5  communications between ALC and the SEC regarding the Proposed Buyout and/or the Proxy

6  Statement; the deposition of the CFO or the person most knowledgeable about the projections

7  and a director at ALC; and the deposition of the person most knowledgeable from Citi

8  concerning the Proposed Buyout.

9      Essentially, the Plaintiff is seeking all documentation related to his claim as well as three

10  depositions of persons who would be quite knowledgeable about his claim and he wants

11  everything produced within five days' time.  The Plaintiff asserts that he needs this discovery in

12  order to move for a preliminary injunction, but he has failed explain why he needs such

13  expansive discovery. The Plaintiff has either made little effort to tailor the requested expedited

14  discovery to only the information he needs to file a preliminary injunction or he has failed to

15  explain to the Court why he cannot move for a preliminary injunction with substantially less

16  discovery than he has requested in the instant motion.

17      Finally, the Plaintiff states that he is "willing to work with the Defendants to narrow the

18  scope even further to lessen any potential burden on Defendants." This indicates that the Plaintiff

19  is aware that his requests can, and potentially should, be narrowed. Thus, if the Plaintiff wishes

20  for the Court to allow expedited discovery, he should first narrow and tailor his discovery

21  requests accordingly. The Court finds that the Plaintiff has not shown good cause for why, at this

22  stage of the litigation, he needs all the discovery he has requested.

23  C.    Purpose for Requesting Expedited Discovery

24      The Plaintiff's purpose for requesting expedited discovery is very reasonable.

25  Considering that a shareholder vote is imminent and that the Plaintiff claims the voters are being

26  misled, his motion for preliminary injunction is likely imperative to his case. Accordingly, the

27  Court finds that the general purpose for requesting expedited discovery is supported by good

28  cause.

D.       Burden on Defendants to Comply with the Requests

The current request for expedited discovery creates a substantial burden on the Defendants for two reasons, particularly considering there is no indication that the Defendants even know of the existence of the instant case . First, the proposed time-line for production, as discussed above, is unreasonable. Second, the Plaintiff seeks a significant amount of discovery, including three depositions.

E.       How far in Advance of the Typical Discovery Process the Request was Made

The Complaint was filed on April 3, 2013.  The Plaintiff has 120 days to serve the Defendants, making August 1, 2013, the last possible day for service of process. *See* Fed.R.Civ.P. 4(m). Once served, the Defendants have 21 days to respond, the Rule 26(f) meeting should occur 30 days after the first Defendant answers or otherwise appears, and then the parties have another 14 days to file a stipulated discovery plan and scheduling order. See Fed.R.Civ.P. 12(a)(1) and LR 26-1. Therefore, the Plaintiff's request for expedited discovery, made on April 3, 2013, the same day he filed the Complaint, was made as far in advance of the typical discovery process as possible. Considering the imminent shareholder vote, however, such an advanced request may be understandable, but is simply not practical for the reasons discussed above, specifically the lack of proof of service on the Defendants.

Accordingly, the Court denies the Plaintiff's request for expedited discovery, but instructs the Plaintiff that he may re-file a request for expedited discovery that contains a more achievable time-line and more tailored discovery requests.

...

...

...

...

...

...

...

...

1

**CONCLUSION**

2        Based on the foregoing, and good cause appearing therefore,

3        IT IS HEREBY ORDERED that Plaintiff's Motion to Expedite Limited Discovery and

4 Order Scheduling Preliminary Injunction Hearing (#4) is **DENIED without prejudice.**

5        IT IS FURTHER ORDERED

6        DATED this __10th__ day of April, 2013.

7

8        _____
         **NANCY J. KOPPE**
9        **United States Magistrate Judge**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28