**MUCKLEROY JOHNSON**
MARTIN A. MUCKLEROY
6767 W. Tropicana Avenue, Suite 106
Las Vegas, Nevada 89103
Telephone: (702) 248-1065
Facsimile: (702) 938-4065
martin@muckleroyjohnson.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LEE OLSON, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ALAN BELL, DAVID J. HENNIGAR, DEREK H.L. BUNTAIN, MALEN S. NG, MELVIN A. RHINELANDER, CHARLES H. ROADMAN, II, MICHAEL J. SPECTOR, ASSISTED LIVING CONCEPTS, INC., TPG CAPITAL, L.P., AID MERGER SUB, LLC, and AID HOLDINGS, LLC,<br><br>Defendants. | Case No. 2:13-cv-00571-JAD-NJK |

## JOINT STATUS REPORT AND REQUEST FOR
## ADJOURNMENT OF STATUS HEARING

Pursuant to the Court's order dated January 14, 2014, the parties submit the following Status Report and request for adjournment of the hearing scheduled for January 31, 2014 at 10:00 am in LV Courtroom 6D.

On April 3, 2013, Plaintiff Lee Olson ("Plaintiff Olson") filed a complaint in the United States District Court for the District of Nevada, captioned *Olson v. Alan Bell, et al.*, Case No. 2:13-cv-00571-JCM-NJK (the "Federal Action"), asserting claims against Assisted Living

Concepts, Inc. (the "Company") and the Company's directors, alleging that the directors and the Company failed to disclose all material information about the proposed acquisition of the Company by TPG Capital, L.P. and its affiliates ("TPG") to Plaintiff Olson in violation of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act").  On August 9, 2013, the Honorable Chief Judge Robert C. Jones reassigned the Federal Action to Judge Jennifer A. Dorsey for all further proceedings and directed that all further documents bear the case number 2:13-cv-00571-JAD-NJK.

As previously disclosed, on April 30, 2013, after arm's-length negotiations, counsel to the parties reached an agreement-in-principle concerning the proposed settlement of the Federal Action as well as parallel state litigation styled *In re Assisted Living Concepts, Inc. Shareholder Litigation*, Case No. A-12-6754054-C (consolidated with Case Nos. A-13-677683-C, A-13-677797-C, A-13-677838-C, and A-13-677902-C) (the "State Action"), and executed a memorandum of understanding (the "MOU").  On May 16, 2013, the Company's shareholders voted to approve the acquisition of the Company by TPG.  Former Company shareholders received $12.00 in cash for each share of Class A share and $12.90 per Class B share.  The merger was consummated on July 11, 2013.

Since reaching agreement-in-principle and executing the MOU, pursuant to the terms of the MOU, the parties to the State Action and the Federal Action have been negotiating a Stipulation of Settlement that will be presented in the State Action for Court approval of the Settlement.  TPG, which no longer is a party to this Action because it was never properly served, is handling negotiations on behalf of the other defendants in the State Action and the Federal Action.   The parties largely have reached agreement on the terms of the Stipulation of Settlement, but continue to negotiate fee amounts.  Those negotiations are active and the parties expect that within the next four weeks, either they will reach agreement on fees or they will

determine that they are unable to reach agreement on fees.  Once a determination on whether an agreement on fees can be reached, , the parties promptly will present to the court in the State Action the Stipulation of Settlement for preliminary approval.  If the Settlement is approved in the State Action, Plaintiff will dismiss this Action with prejudice.  In the event no fee agreement is reached, Plaintiff in this Action reserves the right to make an application for a fee award pursuant to the Stipulation of Settlement.

In light of the ongoing nature of the negotiations, the fact that Defendants in this Action have not been active participants in the fee discussions and Stipulation of Settlement negotiations in recent weeks, and the fact that all active participants in these negotiations are outside of Nevada, the parties jointly request that the status hearing set for January 31, 2014 at 10:00 am be vacated.  If the Court directs the January 31, 2014 hearing to proceed, the parties request that a telephonic hearing be conducted, and that the parties' New York-based counsel, who have not yet formally appeared in this Action or moved for admission *pro hac vice*, be permitted to participate in light of their relatively greater involvement in the ongoing settlement negotiations, so that the most up-to-date information may be presented to the Court.

//

//

DATED: January 27, 2014                    Respectfully submitted,

**MUCKLEROY JOHNSON**

By: */s/ Martin A. Muckleroy*
   Martin A. Muckleroy, Esq.
6767 W. Tropicana Avenue, Suite 106
Las Vegas, Nevada 89103
Telephone: (702) 248-1065
Facsimile: (702) 938-4065

*Of Counsel*:

**FARUQI & FARUQI, LLP**
Juan E. Monteverde
Antonio Vozzolo
David M. Sborz
369 Lexington Ave., Tenth Floor
New York, NY  10017
Tel: (212) 983-9330
Fax: (212) 983-9331
*Attorneys for Plaintiffs*

**LEWIS ROCA ROTHGERBER LLP**
VON S. HEINZ
Nevada Bar No. 859
JENNIFER K. HOSTETLER
Nevada Bar No. 11994

*/s/ Jennifer K. Hostetler*
_____
            VON S. HEINZ

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398
vheinz@lrrlaw.com

*Counsel for defendants Alan Bell, David J. Hennigar, Derek H.L. Buntain, Malen S. Ng, Melvin A. Rhinelander, Charles H. Roadman II, Michael J. Spector, and Assisted Living Concepts, Inc.*

_____